UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:14-CV-379-PRC |
| | ) |
| FUNDS IN THE AMOUNT OF | ) |
| $45,666.66, | ) |
| Defendant, | ) |
| | ) |
| OASIS TOBACCO & MORE, LLC, | ) |
| Claimant. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 10], filed by Claimant Oasis Tobacco & More, LLC ("Oasis") on November 19, 2014. Plaintiff the United States of America filed an opposition brief on December 3, 2014. Oasis did not filed a reply.

The Government filed a Verified Complaint in Rem for forfeiture of $46,666.66 pursuant to 31 U.S.C. § 5317, making the following factual allegations. The defendant property consists of funds in the amount of $45,666.66 that were seized on or about May 9, 2014, from Standard Bank and Trust Company, account number *****5000. Claimant Oasis Tobacco & More, LLC, a business located in Hammond, Indiana, maintained a checking account at Standard Bank and Trust Company, account number *****5000. Bank records reflect that between May 6, 2013, and February 28, 2014, a total of $1,159,083.66 in cash was deposited into the checking account as set forth in the spreadsheet attached to the Complaint as Exhibit A. The spreadsheet shows that $1,159,083.66 in cash was deposited in 149 cash deposits during a ten-month period; that no deposit exceeded $10,000.00; that on nine separate occasions (May 15, 2013; May 29, 2013; July 5, 2013; July 30, 2013; September 10, 2013; October 1, 2013; October 17, 2013; December 13, 2013; and January

30, 2014), two deposits of cash were made the same day just minutes apart, each deposit being less than $10,000.00, but together totaling in excess of $10,000.00; that on thirteen other occasions, cash deposits ranging from $9,000.00 to $9830.00 were made with cash deposits ranging between $7324.00 and $9340.00 being made the next day.

In the Motion to Dismiss, Oasis argues that the Complaint in Rem merely shows that Oasis made deposits, that the Government has merely stated legal conclusions, and that the Government has not alleged facts or made allegations to show that Oasis violated the structuring statute. More specifically, Oasis argues that the Government has failed to allege facts to support the inference that Oasis knew about the reporting requirements and that Oasis acted with the intent to evade those requirements.

This motion to dismiss is governed by Rule G(8)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Federal Rule of Civil Procedure 12(b)(6):

> (b) Motion To Dismiss the Action.
> (i) A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).
> (ii) In an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2).

Supplemental Rule G(8)(b). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for

failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

However, Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which governs pleadings in a civil forfeiture action, requires that the complaint: (a) be verified; (b) state the grounds for subject matter jurisdiction, in rem jurisdiction over the property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and–if different–its location when the action was filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a *reasonable belief* that the government will be able to meet its burden of proof at trial. Supplemental Rule G(2)(a-f); *see* 18 U.S.C. § 983(a)(3)(A).

Although Oasis does not reference Rule G(2) in its brief, Oasis' only challenge is essentially to the last requirement, namely that the Complaint does not state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Pursuant to federal law, any financial institution that engages with a customer in a currency transaction in excess of $10,000.00 must report that transaction to the Financial Crimes Enforcement Network (FinCen) by filing what is known as a Currency Transaction Report (CTR). *See* 31 U.S.C. § 5313; 31 C.F.R. § 1010.311. The statute provides that "[n]o person shall, for the purpose of evading the reporting

3

requirements of section 5313(a) . . . or any regulation prescribed under any such section . . . structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions." 31 U.S.C. § 5324(a).

"Structure" or "Structuring" is defined in the regulations:

> For purposes of § 1010.314, a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under §§ 1010.311, 1010.313, 1020.315, 1021.311 and 1021.313 of this chapter. "In any manner" includes, but is not limited to, the breaking down of a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, or the conduct of a transaction, or series of currency transactions at or below $10,000. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition.

31 C.F.R. § 1010.100(xx). Structuring is not limited to simply breaking up a cash hoard exceeding $10,000.00 and then depositing amounts under the $10,000.00 limit. It also includes altering the form of a transaction in order to avoid having the bank file a CTR. *See United States v. Van Allen*, 524 F.3d 814, 820-21 (7th Cir. 2008). Pursuant to 31 U.S.C. § 5317(c)(2), any property involved in a violation of section 5324 may be civilly forfeited to the United States.

To prevail at trial, the Government must establish three elements to show that Oasis violated 31 U.S.C. § 5324(a)(3): (1) Oasis had knowledge of the statutory and regulatory reporting requirements; (2) Oasis acted to avoid those requirements; and (3) the subject currency was involved in or traceable to Oasis' violation of § 5324(a)(3). *See United States v. $83,274.51 Seized from BBVA Compass Bank Account* Number xxxx9194, No. 2:13-CV-153, 2013 WL 5524729, at *4 (N.D. Ala. Sept. 30, 2013); *United States v. $776,670.00 Previously Contained in Bank of America*

4

*Account Number 000376803507 Held in the Name of Shin's Trading, DBA Cala Products*, Civ. No. 2:13-4108, 2014 WL 1669929, at *3 (D.N.J. Apr. 28, 2014).

In this case, the information set forth in the Verified Complaint in Rem is sufficient to support a reasonable belief that the Government will be able to establish at trial that the seized funds constitute property involved in structuring in violation of 31 U.S.C. § 5324. The allegations set forth a pattern of activity that is highly suggestive of structuring: $1,159,038.66 in 149 cash deposits during a ten-month period with no deposit exceeding $10,000.00 (the threshold that triggers the bank having to file a CTR); numerous deposits in round figures; cash deposits on the same day just minutes apart, each deposit being less than $10,000.00 but totaling together in excess of $10,000.00; cash deposits ranging from $9000.00 to $9830.00 being made on a given day with cash deposits ranging between $7324.00 and $9340.00 being made the next day. *See United States v. $263,327.95*, 936 F. Supp. 2d 468, 475 (D.N.J. 2013) (finding that forfeiture complaint sufficiently supported an inference of illegal structuring when the complaint alleged that the claimant made 96 cash deposits over a twelve-month period totaling $658,277.08 in U.S. currency without a single deposit being over the $10,00.00 CTR threshold as well as multiple same day deposits that, when combined, exceeded the CTR threshold).

To the extent Oasis argues that the Government must allege knowledge of the report requirements, Oasis has misunderstood the pleading requirements for this forfeiture action, which are that the complaint must allege facts sufficient to support a reasonable belief that the Government will be able to establish at trial that the seized funds constitute property involved in structure in violation of 31 U.S.C. § 5324. Notably, Oasis did not cite Rule G(2) in its Memorandum of Law in

Support of Defendant's Motion to Dismiss, and Oasis has not filed a reply brief to address this standard.

## CONCLUSION

Finding that the Government has met its pleading burden, the Court hereby **DENIES** the Motion to Dismiss Verified Complaint in Rem [DE 7].

SO ORDERED this 13th day of January, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
